UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | |
|---|---|
| In re<br><br>Metrofinanciera, S.A.P.I. de C.V., Sociedad Financiera de Objeto Múltiple, E.N.R.,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 10-20666 |

**EMERGENCY MOTION OF FOREIGN REPRESENTATIVE FOR A PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER PROHIBITING COLLECTION ACTIONS AGAINST THE <u>DEBTOR IN THE UNITED STATES</u>**

José Angel Amaro (the "<u>Petitioner</u>"), as the authorized foreign representative of Metrofinanciera, S.A.P.I. de C.V., Sociedad Financiera de Objeto Múltiple, Entidad No Regulada ("<u>Metrofinanciera</u>" or the "<u>Debtor</u>"), in a voluntary restructuring proceeding (the "<u>Mexican Proceeding</u>") currently pending in the United Mexican States ("<u>Mexico</u>"), by and through his undersigned counsel, hereby files this motion (the "<u>Emergency Motion</u>") pursuant to sections 105(a) and 1519(a)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>") requesting an order (i) for a preliminary injunction and temporary restraining order enjoining all creditors of the Debtor from commencing or continuing an action, employing any process or act, to collect, recover or offset any debt that arose before the date of confirmation of the Debtor's plan of reorganization (the "<u>Convenio</u>"), except as otherwise provided in the Convenio; (ii) scheduling a hearing on the Emergency Motion; and (iii) such other relief as may be just and proper.  In support of the Emergency Motion, the Petitioner respectfully represents as follows:

**PRELIMINARY STATEMENT**

Metrofinanciera is a Mexican sub-prime and construction lender based in Monterrey, Mexico and operates solely in Mexico. As was the case with many subprime lenders in the Untied States and other parts of the world, Metrofinanciera experienced financial difficulties when the global economy declined in 2008. In June of 2009, after a year of extensive arms' length negotiations with its creditors, Metrofinanciera filed a prepackaged insolvency proceeding under Mexican insolvency law. The Convenio was confirmed by the Mexican Court on June 8, 2010. Among other things, the Convenio provides for an equitable distribution scheme for all pre-confirmation claims asserted against Metrofinanciera that is consistent with the Bankruptcy Code, and which is crucial for the Debtor to receive a fresh start. The Convenio is ready to be implemented in Mexico.

Notwithstanding the confirmation of the Convenio in Mexico, chapter 15 relief remains necessary for Metrofinanciera to complete its restructuring efforts. In 2006, the Debtor issued US$100 million of perpetual non-cumulative subordinated 11.25% step-up notes (the "Perpetual Notes") under an indenture dated April 24, 2006 (the "Indenture"). The Bank of New York-Mellon ("BNYM")[1] is the indenture trustee for the holders of the Perpetual Notes.[2] Pursuant to the terms of the Indenture, BNYM and individual holders of Perpetual Notes (if certain conditions apply) are entitled to commence actions against the Debtor in the United States to exercise remedies under the Perpetual Notes. The Indenture further provides that New York courts have jurisdiction over all such actions. New York courts are, of course, outside the jurisdiction of the court overseeing the Mexican Proceedings. As a result, the Debtor faces a

---

[1]   All references to BNYM herein, unless otherwise noted, solely refer to BNYM in its capacity as indenture trustee for the holders of the Perpetual Notes and do not refer to BNYM in its individual capacity or as trustee for any other Mexican trust.

[2]   BNYM fully participated in the Mexican Proceedings, filing a proof of claim on behalf of the holders of Perpetual Notes.

substantial risk that BNYM or the holders of Perpetual Notes may commence collection and other actions in the United States notwithstanding the confirmation of the Convenio. Chapter 15 was enacted by Congress to give comity to foreign insolvency proceedings and prevent such situations from occurring.

As permitted by section 1519(a) of the Bankruptcy Code, through this Motion, the Petitioner seeks a narrowly tailored temporary restraining order and a preliminary injunction enjoining Metrofinanciera's creditors, including the holders of Perpetual Notes from commencing any action against the Debtor in the United States during the short "gap period" between the time of the filing of the petition for recognition and the Court's ruling on that petition. The injunctive relief requested herein is necessary to maintain the status quo until the Court determines whether or not to grant recognition to the Mexican Proceeding and provide additional assistance to implement the Convenio in the United States. Indeed, without the relief requested herein, holders of Perpetual Notes could file lawsuits in New York notwithstanding the confirmation of the Convenio in Mexico and the commencement of these chapter 15 proceedings. Such actions will seriously disturb Metrofinanciera's near-complete reorganization and force Metrofinanciera to litigate such actions at great cost. Moreover, injunctive relief will ensure that administration of the estate is centralized in the Mexican Proceeding and in this Court, and eliminates the inefficiencies, delay and confusion that will result from piecemeal litigation of claims in the United States. The Motion should be granted.

## BACKGROUND

1. Metrofinanciera is a non-bank multiple purpose finance company (*sociedad financiera de objeto múltiple* or *Sofom*) that has provided mortgage loans to homebuyers and construction loans to housing developers in Mexico since 1997. Metrofinanciera's registered

office and principal place of business is located in Monterrey, Mexico.  The United States courts closest to the Debtor's principal place of business are located in the Southern District of Texas.

2. Prior to the commencement of the Mexican Proceeding, Metrofinanciera offered a wide variety of mortgage products tailored to the specific needs of its customers.  The principal products offered by Metrofinanciera were (i) fixed interest rate mortgage loans provided primarily to lower-income individuals, and (ii) floating interest rate construction loans provided to housing developers and contractors to finance the purchase of undeveloped residential land, as well as the construction and development of residential housing.  Metrofinanciera also provided certain other real estate services, such as appraisal services and credit investigations, to its customers and third parties.

3. As described in great detail in the Petition and Implementation Motion, due to numerous factors, Metrofinanciera was forced to restructure its obligations to its creditors through a prepackaged bankruptcy proceeding under Mexico's *Ley de Concursos Mercantiles*, as officially published in the *Diario Oficial de la Federación* on May 12, 2000 (the "Concurso Law").  The Mexican Proceeding began on August 13, 2009, and a "Convenio" or plan of reorganization was approved by the Mexican Court on June 8, 2010.

4. Among Metrofinanciera's creditors are certain holders of the Perpetual Notes issued by Metrofinanciera in April of 2006.  The Perpetual Notes are treated as unsecured claims under the Convenio and are entitled to receive their pro rata share of distributions of equity in and notes issued by the reorganized Metrofinanciera.

5. As explained in more detail in the Petition and Implementation Motion, the indenture governing the Perpetual Notes allows holders of Perpetual Notes to bring collection actions in New York against Metrofinanciera.  Such actions would be outside the jurisdiction of

the Mexican Court, and, should any such actions be filed, Metrofinanciera's efforts to reorganize could be jeopardized and Metrofinanciera irreparably harmed. As a result, the Petitioner has filed this chapter 15 proceeding to make the Convenio legally binding in the United States and to implement it with respect to holders of Perpetual Notes, including a small group of holders that are U.S. creditors. Once the Mexican Proceedings are recognized, and the Convenio is effective in the Untied States, Metrofinanciera will be able to fully implement it Convenio and making distributions to holders of Perpetual Notes thereunder, without fear of legal action under the indenture.

6. This Motion seeks to maintain the status quo by preventing creditors from commencing or continuing any actions against Metrofinanciera pending this Court's determination of whether the Mexican Proceeding should be recognized as Metrofinanciera's foreign main proceeding. Should that occur, the automatic stay will apply pursuant to section 1520(a), and the relief requested in this motion will no longer be necessary.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

8. Venue is proper in this district. Section 1410 of title 28 of the United States Code provides as follows:

> A case under chapter 15 of title 11 may be commenced in the district court of the United States for the district —
>
> (1) in which the debtor has its principal place of business or principal assets in the United States;
>
> (2) if the debtor does not have a place of business or assets in the United States, in which there is pending

    against the debtor an action or proceeding in a Federal or State court; or

    (3) in a case other than those specified in paragraph (1) or (2), in which venue will be consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative.

9. The Petitioner intends to nominate and seek appointment of Robert C. Pate, who resides in Corpus Christi, Texas, as the Securities Custodian.  Further, Metrofinanciera has retained the law firm of Jordan, Hyden, Womble & Culbreth, P.C. to represent it in these proceedings and has paid such firm a $30,000 retainer.

10. Also, in light of its proximity to Monterrey, Mexico, the Debtor's principal place of business, and its accessibility to its American creditors, the Southern District of Texas would be a venue consistent with interests of justice and the convenience of the parties.

11. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

## **RELIEF REQUESTED**

12. By this Emergency Motion, the Petitioner respectfully requests that this Court (i) enter a preliminary injunction and a temporary restraining order pursuant to sections 105(a) and 1519 of the Bankruptcy Code substantially in the form of the order attached thereto as <u>Exhibit A</u>; (ii) schedule a hearing on the Emergency Motion; and (iii) grant such other relief as may be just and proper.  The Petitioner requests that such temporary restraining order and preliminary injunction enjoin all creditors of the Debtor from commencing or continuing an action, employing any process or act, to collect, recover or offset any debt that arose before the date of confirmation of the Convenio, except as otherwise provided in the Convenio.

## BASIS FOR RELIEF

**A.     Interim Provisional Relief Is Available under Sections 105 and 1519(a) of the Bankruptcy Code**

13.     The Bankruptcy Code provides for interim provisional relief, available upon the request of the foreign representative, where such relief is "urgently needed to protect the assets of the debtor or the interests of creditors," during the period between the filing of a chapter 15 petition and hearing on recognition. 11 U.S.C. § 1519(a). Such interim relief is appropriate here. Metrofinanciera needs immediate protection against collection actions in the United States to maintain the status quo pending the Court's ruling on the Verified Petition and the motion to implement the Convenio. Such relief will also ensure that, should the court grant the relief requested in these proceedings, the confirmed Convenio and the distributions thereunder will be implemented in an orderly and efficient manner and under the supervision of a single court—either the court overseeing the Mexican Proceeding or this Court. Further, interim injunctive relief will ensure that Metrofinanciera receives the full benefit of its fresh start if and when the Mexican Proceeding is recognized by the Court. Finally, granting the relief requested herein promotes judicial economy, as all U.S. actions will be subject to the automatic stay by operation of law should the Mexican Proceeding be recognized.

14.     Section 1519(a) of the Bankruptcy Code authorizes the Court to protect the value of, and stay execution against, the debtor's assets, including by application of other provisions of the Bankruptcy Code such as the automatic stay pursuant to section 362. Section 1519(a) provides in pertinent part:

> From the time of filing a petition for recognition until the court rules on the petition, the court may, at the request of the foreign representative, where relief is urgently needed to protect the assets of the debtor or the interests of the creditors, grant relief of a provisional nature, including –
>
> (1)     staying execution against the debtor's assets;

. . . .

(3) any relief referred to in paragraph (3), (4), or (7) of section 1521(a).

11 U.S.C. § 1519(a)(1) and (3).

15. Section 1521(a)(7) of the Bankruptcy Code provides that the court may grant "any additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550, and 724(a)." 11 U.S.C. § 1521(a)(7). Accordingly, imposition of the automatic stay pursuant to section 362(a)(1) of the Bankruptcy Code on a provisional basis is available under section 1519(a)(3) of the Bankruptcy Code. See e.g., In re Pro-Fit Holdings, Ltd., 391 B.R. 850, 855, 865-66 (Bankr. C.D. Cal. 2008) (entering an order pursuant to section 1519 of the Bankruptcy Code that section 362 applies on a provisional basis to the debtor's chapter 15 cases with respect to the debtor's U.S. assets pending the court's ruling on the application for recognition of the debtor's foreign proceedings as a "foreign main proceeding"). Section 362(a)(1) of the Bankruptcy Code enjoins:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title

11 U.S.C. § 362(a)(1).

16. Relief is also appropriate pursuant to section 105(a) of the Bankruptcy Code, which authorizes the Court to "issue any order necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. § 105(a). Section 105(a) of the Bankruptcy Code assures "the bankruptcy courts' power to take whatever action is appropriate and necessary in aid of the exercise of their jurisdiction." 2 COLLIER ON BANKRUPTCY ¶ 105.01 (15th ed. rev. 2006).

17. The circumstances in this case warrant an imposition of a provisional stay and injunction of the commencement or continuation of collection actions against Metrofinanciera,

including actions in respect to the Perpetual Notes, during the time between the filing of the Verified Petition and the Court's ruling on that petition. As explained in more detail below, recognition of the Mexican Proceeding will likely be granted and the Petitioner will be authorized to implement and enforce the Convenio in the United States. Collection actions against the Debtor in the United States pending the Court's ruling on recognition, however, will upset the fair and equitable distribution scheme provided under the Convenio and severely hinder the Debtor's reorganization efforts by causing delay, possible confusion and definite inefficiencies. Accordingly, unless such collection actions are temporarily enjoined, the Debtor will be irreparably harmed. In contrast, injunctive relief requested here will not harm the Debtor's creditors. The Petitioner merely seeks to preserve the status quo, and only for a short period of time – until the Court rules on the Verified Petition. The Motion should be granted.

**B.    The Procedural Requirements for Injunctive Relief Are Satisfied**

18.    Section 1519(e) of the Bankruptcy Code applies the same standard, procedures, and limitations applicable to an injunction to relief granted under section 1519 of the Bankruptcy Code.[3] *See* 11 U.S.C. § 1519(e). A party seeking a preliminary injunction in the Fifth Circuit must comply with the four-factor test set forth in Rule 65 of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7065. The four factors are: (1) substantial likelihood of success on the merits; (2) substantial threat that the plaintiff will suffer irreparable injury; (3) the threatened injury outweighs any harm the injunction might cause the defendant; and (4) the injunction is in the public interest. Women's Med. Ctr. v. Bell, 248 F.3d 411, 419

---

[3]    At least one court has held, however, that chapter 15 debtors are not required to bring an adversary proceeding in order to obtain application of the automatic stay on an interim basis during the "gap period" between the filing of their petition for recognition of foreign proceedings and the bankruptcy court's ruling on recognition pursuant to section 1519 of the Bankruptcy Code. See In re Pro-Fit Holdings, Ltd., 391 B.R. at 860-61 (holding that while the prerequisites for obtaining injunctive relief specified in section 1519(e) apply to relief "staying execution against the debtor's assets" provided under section 1519(a)(1), section 1519(e) does not apply to the imposition of the automatic stay on an interim basis pursuant to section 1519(a)(3)).

n.15 (5th Cir. 2001); Hoover v. Morales, 164 F.3d 221, 224 (5th Cir. 1998). All four elements are satisfied here.

      i.      Success on the Merits Is Likely

19. In order to establish a likelihood of success on the merits, Metrofinanciera must establish that the Mexican Proceeding will likely be recognized as a "foreign main proceeding" pursuant to sections 1515 and 1517 of the Bankruptcy Code.[4] Metrofinanciera believes that it can convincingly meet this test. A foreign proceeding is recognized as a foreign main proceeding if (1) such foreign proceeding is a foreign main proceeding within the meaning of section 1502 of the Bankruptcy Code, (2) the foreign representative applying for recognition is a person or body, and (3) the petition meets the requirements of section 1515 of the Bankruptcy Code. 11 U.S.C. § 1517(a). As set forth in the Verified Petition in more detail, the Mexican Proceeding meets all of the foregoing requirements.

20. First, the Mexican Proceeding is a foreign proceeding within the definition of section 101(23) of the Bankruptcy Code because it is (1) a collective judicial or administrative proceeding relating to Metrofinanciera's insolvency and adjustment of its debt (Verified Petition, ¶¶ 56), (2) under the supervision of the Mexican Court, and (3) commenced for the purpose of reorganizing the debts and affairs of Metrofinanciera (Id. at ¶ 58). See 11 U.S.C. § 101(23). Indeed, courts have repeatedly recognized proceedings commenced under the Concurso Law as "foreign proceedings" entitled to protection under the Bankruptcy Code. See, e.g., In re Corporacion Durango S.A.B. de C.V., Case No. 08-13911 (RDD) (Bankr. S.D.N.Y. Dec. 11, 2008) (recognizing a concurso proceeding in Mexico as a foreign main proceeding); In re Garcia

---

[4] The Fifth Circuit employs a sliding scale when analyzing the degree of "success on the merits" a movant must demonstrate to justify injunctive relief. Where the other factors weigh in favor of an injunction, as they do here, a showing of some likelihood of success on the merits is enough to justify temporary injunctive relief. Productos Carnic, S.A. v. Central Am. Beef & Seafood Trading Co., 621 F.2d 683, 686 (5th Cir. 1980).

Avila, 296 B.R. 95, 107-09 (Bankr. S.D.N.Y. 2003) (noting, among other things, that Mexico's Concurso Law (i) treated all creditors and interest holders justly, (ii) protected United States creditors against prejudice and inconvenience in processing their claims, (iii) prevented preferential and fraudulent distributions, and (iv) provided a scheme governing the distribution of the estate to secured, administrative, other priority and unsecured creditors).

21.     The Mexican Proceeding is also a "foreign main proceeding" because it is "pending in the country where [Metrofinanciera] has the center of its main interests." See 11 U.S.C. § 1502(4). Metrofinanciera's registered office is located in Monterrey, Mexico, which is presumed to be the center of its main interests pursuant to section 1516(c) of the Bankruptcy Code. Metrofinanciera's principal place of business Monterrey, Mexico. See In re Tri-Continental Exch. Ltd., 349 B.R. 627, 634 (Bankr. E.D. Cal. 2006) (equating center of main interests with principal place of business). Moreover, all of Metrofinanciera's operations, all of its branches and employees, and all of its customers are located in Mexico. See Verified Petition, ¶¶ 60-65.

22.     Second, Mr. Amaro, Metrofinanciera's foreign representative, is a "person" as required by section 1517(a)(2). See Verified Petition, ¶¶ 67-75. Mr. Amaro is an individual who serves as Metrofinanciera's Director of Finance, and who has been duly appointed and authorized to serve as Metrofinanciera's "foreign representative" pursuant to the Resolution. Courts in other districts have recognized as foreign representatives members of the foreign debtor's management that had been elected and authorized by the debtor's board of directors to act as a foreign representative in the U.S. See, e.g., In re Corporacion Durango S.A.B. de C.V., Case No. 08-13911 (RDD) (Bankr. S.D.N.Y. Dec. 11, 2008) (recognizing the general counsel

and secretary to the Mexican debtor's board of directors as a valid foreign representative under Mexico's Concurso Law).

23. Finally, the Verified Petition meets the requirements of section 1515 of the Bankruptcy Code. See 11 U.S.C. § 1517(a)(3). Section 1515 of the Bankruptcy Code sets forth certain procedural requirements which the petition for recognition must meet, including evidence of the foreign proceeding. Here, all of the requirements of section 1515 of the Bankruptcy Code have been met. Metrofinanciera's chapter 15 case was properly commenced by the Debtor's foreign representative, Mr. Amaro, by the filing of the Verified Petition as required by section 1515(a) of the Bankruptcy Code. Evidence of the existence of the Mexican Proceeding and the appointment of Mr. Amaro as foreign representative as well as Mr. Amaro's statement identifying the Mexican Proceeding as Metrofinanciera's only foreign proceeding have all been filed with the Court concurrently with the Verified Petition. See 11 U.S.C. § 1515(b)-(d); Verified Petition ¶¶ 76-80.

24. Given the facts of this case, the Petitioner has established that (i) the Mexican Proceeding is a "foreign main proceeding," (ii) Mr. Amaro is a "foreign representative," and (iii) Mexico is the center of Metrofinanciera's main interests. All proper supporting documentation was filed contemporaneously with the Verified Petition and section 1516(b) of the Bankruptcy Code allows the Court to presume the authenticity of such supporting documentation. Thus, there is a high likelihood that the Court will grant the Verified Petition.

    ii.    <u>Metrofinanciera Will Face Irreparable Harm Absent the Requested Relief</u>

25. The Petitioner has filed the Verified Petition seeking recognition of the Mexican Proceeding so that the confirmed Convenio may be enforced and implemented in the United States. Once the Mexican Proceeding is recognized, certain statutory protections, including the automatic stay under section 362(a) of the Bankruptcy Code, will automatically apply pursuant

to section 1520 of the Bankruptcy.  Thus, upon recognition, all of the Debtor's creditors, including BNYM and all of the holders of Perpetual Notes, will be prohibited from commencing any collection action against the Debtor in the United States.  Pending the Court's ruling on recognition, however, no such stay is in effect, and BNYM and the Holders of Perpetual Notes may commence collection actions against the Debtor in New York courts pursuant to the remedies provided in the Indenture.  See Indenture §§ 5.3, 5.4, 5.6, 5.11 and 12.14.

26.     If creditors are permitted to commence collection actions pending the Court's ruling on recognition, the Debtor will suffer irreparable harm.  Absent the relief requested herein, the Debtor could be forced to address claims in a piecemeal fashion, which will result in unnecessary delay, confusion and inefficiencies.  In re Atlas Shipping A/S, 404 B.R. 726, 734 (Bankr. S.D.N.Y. 2009) ("[T]he equitable and orderly distribution of a debtor's property requires assembling all claims against the limited assets in a single proceeding.").  The Debtor also will waste limited and valuable resources litigating claims that will only be stayed by operation of law if the Mexican Proceeding is recognized as a foreign main proceeding.  See 11 U.S.C. § 1520(a).  Further, the Debtor's ability to implement its Convenio and fairly distribute its assets to all of its creditors will be compromised if creditors are permitted to file collection actions in New York notwithstanding the provisions of the Convenio.   Finally, litigation in the United States will be particularly burdensome given the Debtor is a Mexican company that has no presence in New York.

   iii. <u>Non-Moving Parties Are Not Likely to be Harmed</u>

27.     In addition to the foregoing, the balance of harm tilts strongly in Metrofinanciera's favor.  On the one hand, Metrofinanciera's restructuring could be jeopardized if relief is not granted.  On the other, if Metrofinanciara is not entitled to relief, Metrofinanciera's creditors will suffer, at most, a short delay in commencing actions pending the outcome of a

hearing regarding the Verified Petition. Moreover, the Convenio has been confirmed in Mexico and is binding on all creditors, including the holders of Perpetual Notes. Among other things, BNYM filed a proof of claim in the Mexican Proceeding, which was allowed in the amount of US$100 million, and chose not to object to the Convenio despite having the legal right to do so. Metrofinanciera's creditors can suffer no legitimate harm if they are prevented from filing collection actions that do nothing more than circumvent the terms of a legally binding Convenio. Finally, as noted above, the relief requested herein is no different than that which will be provided upon recognition of the Mexican Proceeding as a foreign main proceeding. The maintenance of the status quo will not create any undue hardship or burden to creditors or parties-in-interest, and any burden or hardship that may be imposed is outweighed by the benefits of the relief requested.

      iv.      The Requested Relief Is Consistent with U.S. Public Policy

      28.      Finally, approval of the relief requested herein is consistent with the public policy of the United States. Indeed, the relief requested herein is consistent with international comity, which is regularly applied to foreign bankruptcy proceedings. "American courts have long recognized the need to extend comity to foreign bankruptcy proceedings,' because '[t]he equitable and orderly distribution of a debtor's property requires assembling all claims against the limited assets in a single proceeding; if all creditors could not be bound, a plan of reorganization would fail.'" In re Atlas Shipping A/S, 404 B.R. at 734. The requested relief will allow for the equitable and orderly distribution of the Debtor's estate because it maintains the status quo pending this Court's decision on whether or not to recognize the Mexican Proceeding and implement the Convenio.

      29.      Provisional injunctive relief will also promote speedy and economic administration of the Debtor's bankruptcy estate. See In re Nixon Machinery Co., 27 B.R. 871,

873 (Bankr. E.D. Tenn. 1983) (a paramount consideration is the speedy and economic administration of the bankruptcy estate).  As explained above, the Debtor has already confirmed the Convenio in Mexico, and its efforts should be legally enforced in the United States.

30.    Furthermore, the injunctive relief requested herein promotes a fundamental goal of United States bankruptcy laws – a financial "fresh start" for the reorganized debtor.  The United States Supreme Court explained that the goal of the bankruptcy laws is to give the debtor "a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt."  Local Loan Co. v. Hunt, 292 U.S. 234, 244 (1934).  This goal will be accomplished by enjoining the Debtor's creditors from commencing collection actions against the Debtor in the United States while the Court's ruling on recognition is pending.  Such relief will allow Metrofinanciera to fully implement the Convenio, which an overwhelming majority of Metrofinanciera's creditors supported and to which no holder of Perpetual Notes objected (or vetoed), and focus on operating its reorganized business without fear of being sued in U.S. courts on account of prepetition debt.

**C.     The Requirements for a Temporary Restraining Order Are Satisfied**

31.    The facts presented here also satisfy the requirements under Rule 65 of the Federal Rules of Civil Procedure (made applicable hereto by Rule 7065 of the Federal Rules of Bankruptcy Procedure) for a temporary restraining order pending hearing on the Petitioner's request for a preliminary injunction.  A temporary restraining order is properly granted to preserve the status quo and prevent immediate and irreparable injury pending a hearing upon a motion for a preliminary injunction.  See 13 James Wm. Moore et al., Moore's Federal Practice ¶¶ 65.30 and 65.36[1] (3d ed. 1997).

32.    A temporary restraining order should be granted if the elements for a preliminary injunction have been satisfied and the court determines that immediate and irreparable injury,

loss, or damage will result to the Petitioner before the adverse party can be heard in opposition. See Fed. R. Bankr. P. 7065; Fed. R. Civ. P. 65(b); Smith v. Tarrant County Coll. Dist., 670 F.Supp.2d 534, 536-37 (N.D. Tex. 2009).

33.     The facts here warrant the imposition of a temporary restraining order because as set forth above, Metrofinanciera will be immediately and irreparably harmed if its creditors are allowed to commence collection actions in respect to the Perpetual Notes, which constitute prepetition debt discharged by the Convenio, prior to the date of hearing on the preliminary injunctive relief requested herein.

**D.     Request for Scheduling of a Hearing for Preliminary Injunctive Relief**

34.     The Petitioner respectfully requests that this Court, by means of the proposed order attached hereto as Exhibit A, set a date for the hearing on its request for a preliminary injunction, as well as a date by which objections must be filed.

**NOTICE**

35.     Notice of the Emergency Motion has been provided to (i) the Office of the United States Trustee for the Southern District of Texas, (ii) The Bank of New York-Mellon, as indenture trustee for the Perpetual Notes, and (iii) all parties required to be given notice under Bankruptcy Rule 2002(q)(1) of which the Petitioner is currently aware.  The Petitioner submits that no other or further notice need be provided.

**NO PRIOR REQUEST**

36.     No previous request for the relief requested herein has been made to this or any other court.

NEWYORK 7778575 (2K)

WHEREFORE, for the reasons set forth herein, the Petitioner respectfully requests that this Court enter an order (i) granting the relief requested herein and (ii) granting the Debtor such other and further relief as the Court deems proper and just.

Date: Corpus Christi, Texas
August 30, 2010

WHITE & CASE LLP

/s/ Alan S. Gover
Alan Shore Gover
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

Craig H. Averch
Roberto J. Kampfner
633 West Fifth Street, Suite 1900
Los Angeles, California 90071-2007
Telephone: (213) 620-7700
Facsimile: (213) 452-2329

-and-

JORDAN, HYDEN, WOMBLE, CULBRETH & HOLZER, P.C.

/S/ Shelby A. Jordan
Shelby A. Jordan
500 North Shoreline Boulevard, Suite 900
Corpus Christi, Texas 78471
Telephone: (361) 884-5678
Facsimile: (361) 888-5555

*Attorneys for José Angel Amaro as Foreign Representative of Metrofinanciera*

NEWYORK 7778575 (2K)