

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS

ENTERED
08/30/2010

| | |
|---|---|
| In re | Chapter 15 |
| Metrofinanciera, S.A.P.I. de C.V., Sociedad Financiera de Objeto Múltiple, E.N.R., | Case No. 10-20666 |
| Debtor in a Foreign Proceeding. | |

## TEMPORARY RESTRAINING ORDER

Upon consideration of the Emergency Motion of the Foreign Representative for a Preliminary Injunction and Temporary Restraining Order Prohibiting Collection Actions against the Debtor in the United States (the "Emergency Motion"),[5] filed on August 30, 2010 by or on behalf of the Petitioner, José Angel Amaro, in his capacity as the duly-appointed foreign representative of Metrofinanciera, S.A.P.I. de C.V., Sociedad Financiera de Objeto Múltiple, E.N.R. ("Metrofinanciera" or the "Debtor") in a voluntary restructuring proceeding (the "Mexican Proceeding") currently pending before the Fourth Court of Civil and Labor Matters in the State of Nuevo León, *Juzgado Cuarto de Distrito en Materia Civil y de Trabajo en el Estado de Nuevo León*, a Mexican federal court (the "Mexican Court") sitting in the city of Monterrey, state of Nuevo León in the United Mexican States; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157; and it appearing that venue is proper before this Court pursuant to 28 U.S.C. § 1410; and the Court having considered and reviewed the Emergency Motion; and it appearing that appropriate, sufficient and timely notice of the filing of the Emergency Motion has been given by the Petitioner to the Office of the United States Trustee for the Southern District of Texas, the Bank of New York-Mellon, as

---

[5] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Emergency Motion.

NEWYORK 7778575 (2K)

indenture trustee for the Perpetual Notes and all parties required to be given notice under Federal Rule of Bankruptcy Procedure 2002(q)(1) of which the Petitioner is currently aware and that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is hereby

**FOUND**, that:

1. There is a substantial likelihood that the Petitioner will be able to demonstrate that the Mexican Proceeding constitutes a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code.

2. The commencement or continuation in the United States of an action, employment of any process or act, to collect, recover or offset any debt that arose before the date of confirmation of the Convenio, except as otherwise provided in the Convenio, will cause the Debtor immediate and irreparable harm.

3. All creditors of the Debtor should be enjoined from commencing or continuing an action or employing any process or act, in each case, in the United States to collect, recover or offset any debt that arose before the date of confirmation of the Convenio, except as otherwise provided in the Convenio, pursuant to sections 105(a) and 1519 of the Bankruptcy Code, and (a) such relief will not cause undue hardship to other parties in interest, and (b) any hardship to the Debtor's creditors is outweighed by the benefits of the relief requested.

4. The interest of the public will be served by this Court's entry of this Order.

5. The Debtor is entitled to the full protections and rights available pursuant to section 1519 of the Bankruptcy Code.

6. No security is required for the issuance of the restraining order.

For all of the foregoing reasons, and after due deliberation having found sufficient cause therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED**, that:

(A) The Emergency Motion is granted;

(B) All creditors of the Debtor are temporarily restrained and enjoined from commencing or continuing an action or employing any process or act, in each case, in the United States, to collect, recover or offset any debt that arose before the date of confirmation of the Convenio, except as otherwise provided in the Convenio, pursuant to sections 105(a) and 1519 of the Bankruptcy Code.

(C) Pending entry of further order of this Court, the protections of sections 362 of the Bankruptcy Code, to the extent applicable, applies to the Debtor in the United States.

(D) Any party-in-interest wishing to submit a response or objection to the relief requested in the Emergency Motion must do so in writing and file it with this Court (with a copy to chambers) and serve it on counsel for the Debtor, White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036-2787, Attn: Alan Shore Gover, Esq.; White & Case LLP, 633 West Fifth Street, Suite 1900, Los Angeles, California 90071-2007, Attn: Roberto J. Kampfner; and Jordan, Hayden, Womble, Culbreth & Holzer, P.C., 500 North Shoreline Boulevard, Suite 900 Corpus Christi, Texas 78471, Attn: Shelby A. Jordan, so as to be received on or before 4:00 p.m. (EST) on September 10, 2010.

(E) A hearing on the request for preliminary injunctive relief will be held on September 13, 2010 at 2:00 PM CDT. in Corpus Christi, TX.

(F) This Order shall expire by its terms at midnight on September 13, 2010, unless further extended by order of the Court.

(G) This Court shall retain jurisdiction with respect to the enforcement, amendment,

or modification of this Order, any request for additional relief and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

(H) The Petitioner shall provide service and notice of this Order by first class mail, postage prepaid, upon (a) the Office of the United States Trustee for the Southern District of Texas, (b) the Bank of New York-Mellon, as indenture trustee for the Perpetual Notes and (c) all parties required to be given notice under Federal Rule of Bankruptcy Procedure 2002(q)(1) of which the Petitioner is currently aware, which service and notice shall constitute adequate and sufficient service and notice of this Order.

Dated: Corpus Christi, Texas
       August 30, 2010

UNITED STATES BANKRUPTCY JUDGE