UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS

ENTERED
09/24/2010

| | |
|---|---|
| In re | Chapter 15 |
| Metrofinanciera, S.A.P.I. de C.V., Sociedad Financiera de Objeto Múltiple, E.N.R., | Case No. 10-20666 |
| Debtor in a Foreign Proceeding. | |

## ORDER GRANTING PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING AND REQUEST FOR RELATED RELIEF

On August 30, 2010, José Angel Amaro (the "Petitioner"), as the authorized foreign representative of Metrofinanciera, S.A.P.I. de C.V., Sociedad Financiera de Objeto Múltiple, Entidad No Regulada ("Metrofinanciera" or the "Debtor"), commenced this case under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") by filing a Verified Petition requesting that this Court recognize the Debtor's restructuring proceedings (the "Mexican Proceedings") under Mexico's *Ley de Concursos Mercantiles*, as officially published in the *Diario Oficial de la Federación* on May 12, 2000 (the "Concurso Law"), as a foreign main proceeding and requesting related relief.[1] On September 24, 2010, a hearing was held with respect to the Verified Petition. Appearances were as set forth on the record.

The Court has considered the Verified Petition, the Declaration of the Petitioner filed in support of the Verified Petition, the Declaration of Eugenio Sepulveda filed in support of the Verified Petition, the Supplemental Declaration of Eugenio Sepulveda filed in support of the Verified Petition, the various other pleadings filed in support of the Verified Petition, the entire

---

[1] Capitalized terms used herein, but not defined herein, shall have the meanings ascribed to such terms in the Verified Petition.

record of this chapter 15 case prior to the Hearing, and the arguments of counsel and additional evidence presented at the Hearing.

Based on the foregoing, and good cause appearing therefore, the Court hereby makes the following findings of fact and conclusions of law:

## FINDINGS AND CONCLUSIONS

### A. Procedural Matters

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1410(1) and (3).

4. Notice of the filing of the Verified Petition and the Hearing has been given to the Debtor, the Bank of New York Mellon ("BNYM"), as indenture trustee for the holders of the Perpetual Notes, the Securities and Exchange Commission and the Office of the United States Trustee for the Southern District of Texas. Such notice is deemed adequate for all purposes, and no other or further notice need be given.

### B. The Mexican Proceeding

5. The Debtor is a debtor in the Mexican Proceedings, which were commenced on August 13, 2009, and are currently pending before the Fourth Court of Civil and Labor Matters in the State of Nuevo León, *Juzgado Cuarto de Distrito en Materias Civil y de Trabajo en el Estado de Nuevo León*, a Mexican federal court (the "Mexican Court") sitting in the city of Monterrey, state of Nuevo León in the United Mexican States. The purpose of the Mexican Proceeding was for the Debtor to confirm a prepackaged plan of reorganization or "Convenio" that the Debtor had negotiated with its creditors at arms' length prior to the commencement of

the Mexican Proceeding. The Debtor's Convenio was, in fact, confirmed on June 8, 2010 and includes provisions for distributions for a number of classes of creditors, including the holders of Perpetual Notes described in the Verified Petition, some of which are United States residents and/or citizens.

6. The Petitioner commenced this case under chapter 15 of the Bankruptcy Code for the purpose of enforcing its confirmed Convenio in the United States and establishing a procedure for making distributions due to the Perpetual Note Holders without the risk of piecemeal litigation in courts other than this Court.

7. Section 1517(a) of the Bankruptcy Code provides that, after notice and a hearing, the Court shall enter an order recognizing a foreign proceeding as a foreign main proceeding if (1) such foreign proceeding is a foreign main proceeding within the meaning of section 1502 of the Bankruptcy Code, (2) the foreign representative applying for recognition is a person or body and (3) the petition meets the requirements of section 1515 of the Bankruptcy Code. The Mexican Proceeding, the Petitioner and this Petition satisfy all of the foregoing requirements.

8. The Mexican Proceeding is a "foreign main proceeding" and, as such, satisfies the first factor of the above-described test. Among other things, proceedings under Mexico's Concurso Law are collective and judicial in nature, and the Debtor's center of main interests is in Monterrey, Mexico. Indeed, the Debtor's administrative offices are located in Monterrey, Mexico, and the Debtor's operations are conducted entirely within Mexico.

9. The second factor for recognition—that the foreign representative be a person or a body—is also satisfied. Mr. Jose Angel Amaro is an individual, which qualifies as a "person" under the Bankruptcy Court. Further, Mr. Amaro was properly and specifically authorized to

commence these proceedings by the Debtor's board of directors, which is authorized to administer the restructuring of the Debtor's affairs under the Concurso Law.

10. Finally, the Verified Petition satisfies the requirements of section 1515 of the Bankruptcy Code. The Verified Petition was accompanied by the Declaration of Eugenio Sepulveda, which attaches a true and correct copy of the Concurso Judgment and establishes the existence of the Mexican Proceedings. Further, Mr. Amaro has attached resolutions from the Debtor's board of directors authorizing him to act as foreign representative. Finally, in accordance with section 1515(c) of the Bankruptcy Code, the Amaro Declaration contains a statement identifying the Mexican Proceeding as the only foreign main proceeding currently pending with respect to Metrofinanciera.

11. In addition to the foregoing, this Court finds that the Mexican Proceedings should be recognized as a foreign main proceeding and should be afforded full comity by this Court because, among other things, Mexico's Concurso Law (i) treats all creditors and interest holders justly, provides ample due process and is procedurally fair, (ii) protects United States creditors against prejudice and inconvenience in processing their claims, including by not discriminating against United States creditors and (iii) provides a scheme governing the distribution of the estate to secured, administrative, other priority and unsecured creditors that is consistent with the Bankruptcy Code. Comity mandates that the procedures necessary for implementation of the Convenio within the United States be approved and mandated in the Untied States solely by this Court through this chapter 15 case.

12. For all of the foregoing reasons and sufficient cause appearing therefor, it is hereby;

**ORDERED, ADJUDGED AND DECREED, that:**

A. The Mexican Proceedings are pending in Mexico, which is the location of the Debtor's center of main interests, and as such, the Mexican Proceedings constitute foreign main proceedings pursuant to section 1502(4) of the Bankruptcy Code and are entitled to recognition as foreign main proceedings pursuant to section 1517(b)(1) of the Bankruptcy Code.

B. All relief afforded foreign main proceedings pursuant to section 1520 of the Bankruptcy Code is granted and hereby in full force and effect;

C. Mr. Jose Angel Amaro is recognized as the "Foreign Representative" of the Debtor in connection with the Mexican Proceeding;

D. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any request for additional relief and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court; and

E. The Petitioner shall provide service and notice of this Order by first class mail, postage prepaid, upon (a) all parties to litigation pending in the United States in which a Debtor is a party at the time of filing of the Petition, (b) BNYM, in its capacity as indenture trustee under the Indenture, (c) the Securities and Exchange Commission and (d) the United States Trustee for the Southern District of Texas, which service and notice shall constitute adequate and sufficient service and notice of this Order.

Dated: Corpus Christi, Texas
       September 24, 2010

_____
UNITED STATES BANKRUPTCY JUDGE